**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51174**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  August 28, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRETT CHARLES SEARS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Susie Jensen, District Judge.

Judgment of conviction and unified concurrent sentences of twenty years, with a minimum period of incarceration of four years, for grand theft and eluding, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny Swinford, Deputy Appellate Public Defender; and Katherine C. Ball, Sean M. Falconer, and Cooper O. Neavill, University of Idaho Legal Aid Clinic, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Brett Charles Sears pled guilty to aiding and abetting grand theft, Idaho Code § 18-2407(1)(b)(1), and eluding, I.C. § 49-1404(2), and admitted he was a persistent violator, I.C. § 19-2514.  In exchange for his guilty pleas, additional charges were dismissed.  The district court

1

imposed concurrent unified sentences of twenty years, with a minimum period of incarceration of four years.[1] Sears appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Sears's judgment of conviction and sentences are affirmed.

---

[1] Although the judgment of conviction does not reflect that the sentences in this case were enhanced pursuant to Idaho Code § 19-2514, that is the only way the sentences would be legal, as the maximum sentence for grand theft is fourteen years, and the maximum sentence for eluding is five years. Sears does not argue on appeal that his sentences are illegal.